OPINION — AG — QUESTION: "MAY A LOCAL BOARD OF EDUCATION LEGALLY PROVIDE TRANSPORTATION TO STUDENTS WHO ARE ATTENDING (OR IF DURING SUMMER BREAK WILL BE ATTENDING IN THE NEXT REGULAR TERM) A PUBLIC ELEMENTARY OR HIGH SCHOOL IN THE DISTRICT TO PROGRAMS SPONSORED BY EITHER PUBLICLY OR PRIVATELY FUNDED ENTITIES?" — THE LEGALITY OF TRANSPORTING STUDENTS TO PUBLICLY AND PRIVATELY SPONSORED PROGRAMS CAN ONLY BE DETERMINED BY AN ANALYSIS OF THE FACTS INVOLVED IN A GIVEN INSTANCE. CITE: 70 O.S. 1971, 9-108 [70-9-108] (KAY HARLEY JACOBS)
The Attorney General is in receipt of your request for an opinion wherein you ask the following question: "May a local board of education legally provide transportation to students who are attending (or if during summer break will be attending in the next regular term) a public elementary or high school in the district to programs sponsored by either publicly or privately funded entities?" Your question makes specific reference to the use of local school buses during the summer months for educational and recreational programs. The statutory provisions regulating the transportation of pupils attending public schools are set forth in Title 70 of the Oklahoma Statutes. 70 O.S. 9-108 [70-9-108] (1971) provides as follows: " — The board of education of any school district furnishing transportation is hereby authorized to furnish, in addition to free transportation to and from school, transportation within or without the district for children attending the schools of that district, for the purpose of attending community, county, and state fairs that admit school children free, for purposes connected with summer youth activities upon approval of the school board governing said school district, and for all other purposes approved by the State Board of Education. Provided, that upon request therefor by the State Director of Cooperative Extension Work in Agriculture and Home Economics (Service), or the State Director of Vocational and Technical Education, or the State Supervisor of Vocational Agriculture, the State Board of Education shall authorize any school district furnishing transportation to provide transportation for school children participating in educational contests and activities outside of the State of Oklahoma, or outside of the districts in which they reside, and two or more districts may enter into agreements for the furnishing of such transportation. The expense of any such additional transportation shall be paid by the children so transported, by the school activity or school organization receiving benefit from such transportation, or from other private sources. Money so collected shall not be chargeable to or become a part of the school district's finances." Emphasis added Thus, the Legislature has specifically authorized the transporting of pupils for purposes connected with summer youth activities, subject to the provision on the payment of expenses and the approval of the local school board. Such legislative authorization is, however, subject to any applicable constitutional prohibition. For example, the Constitution prohibits the use of public funds for purely private purposes. See Vette v. Childers, 102 Okl. 140,228 P. 145 (1924). It is, therefore, the official opinion of the Attorney General that the legality of transporting students to publicly and privately sponsored programs can only be determined by an analysis of the facts involved in a given instance. (KAY HARLEY JACOBS) (ksg)